UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SAMUEL WOODRUFF and**
**MELVIN BRANDON,**

        **Plaintiffs,**

v.                                                 Case No:   6:18-cv-39-Orl-40GJK

**JAMES PENNINGTON and JT**
**ROOFING & MAINTENANCE, INC.,**

        **Defendants.**

---

### REPORT AND RECOMMENDATION

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RESPONSE TO COURT'S ORDER TO SHOW CAUSE AND MOTION TO WITHDRAW FROM FURTHER REPRESENTATION (Doc. No. 15)** |
| **FILED:** | **April 25, 2018** |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

    On January 8, 2018, Plaintiffs filed a complaint (the "Complaint") against Defendants alleging unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Doc. No. 1. On February 7, 2018, Plaintiffs moved for entry of clerk's default due to Defendants' failure to respond to the Complaint after being served with the same. Doc. No. 11. On February 8, 2018, the clerk entered default against Defendants. Doc. Nos. 12, 13. Plaintiffs, however, never filed a motion for entry of default judgment. On April 11, 2018, United States District Judge Paul G. Byron issued an order to show cause as to why the case should not be dismissed "for failing to proceed without delay to apply for a judgment against [Defendants]." Doc. No. 14 at 1.

On April 25, 2018, Plaintiffs' counsel filed a response to the Court's order to show cause containing a request for a Court order either: 1) allowing counsel to withdraw from representation; or 2) dismissing the case (the "Motion"). Doc. No. 15. The following is taken from the Motion. On March 19, 2018, Plaintiffs' counsel held a conference with Plaintiffs to prepare affidavits in support of a potential motion for default judgment. *Id*. at 2. Plaintiffs stated that they no longer wish to pursue their claim and subsequently left the conference. *Id.* Counsel sent an email and a letter to Plaintiffs to confirm their intentions to no longer prosecute the case. *Id.* at 2-3. On April 25, 2018, Plaintiff Samuel Woodruff confirmed that he no longer intends to pursue the unpaid overtime claim. *Id.* at 3. Plaintiff Melvin Brandon never responded to counsel's email. *Id.* Because of the foregoing, counsel is unable to file a motion for default judgment, and he is unable to progress the case. *Id.*

Considering: 1) Plaintiffs' March 2018 statement that they no longer wished to pursue their claim; 2) Mr. Woodruff's confirmation of the same; and 3) Mr. Brandon's failure to respond to counsel's inquiries regarding the case, it is clear that Plaintiffs do not wish to prosecute their claim at this time. Accordingly, it is recommended that the Court grant the Motion, interpret the Motion as a notice seeking voluntary dismissal under Rule 41, and dismiss the Complaint.[1]

Considering the foregoing, it is **RECOMMENDED** that the Court:

1) **GRANT** the Motion (Doc. No. 15); and

2) **DISMISS** the Complaint (Doc. No. 1); and

3) **DIRECT** the Clerk to close the case.[2]

---

[1] Under Federal Rule of Civil Procedure 41, a plaintiff may seek dismissal of an action by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41. As noted above, Defendants have yet to appear in this case.

[2] The case will be dismissed without prejudice, meaning that Plaintiffs may pursue their claim in the future provided that such claim is still valid.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 11, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy